SUNITA KAPOOR, LL.M. (SBN #154186)
LAW OFFICES OF SUNITA KAPOOR
4115 Blackhawk Plaza Circle, Suite 100
Danville, CA 94506
Telephone: (925) 351-6789
Facsimile: (925) 831-1059

Attorney for Plaintiff
Mission Trading Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Mission Trading Company, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>David Vincent Lewis, an individual, Sandra Gallagher Lewis, an individual, and DOES 1-10 inclusive,<br><br>Defendants, | Case No.<br><br>COMPLAINT FOR:<br><br>(1) FALSE ADVERTISING AND DESIGNATION OF ORIGIN;<br>(2) TRADEMARK INFRINGEMENT;<br>(3) UNJUST ENRICHMENT;<br>(4) NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS;<br>(5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;<br>(6) UNFAIR COMPETITION;<br><br>DEMAND FOR TRIAL BY JURY |

## COMPLAINT

Plaintiff, Mission Trading Company, Inc., a California corporation, alleges against Defendants sued herein and each of them, as follows:

## PARTIES

1. Plaintiff, Mission Trading Company, Inc., a California corporation (hereinafter referred to as "MTC"), and has a principal place of business in the County of Alameda, California.

2. Based upon information and belief, Defendant David Vincent Lewis, an individual (hereinafter referred to as "David"), resides in the state of Texas, Harris County, at 8331 Sierra Dawn Drive, Tomball, Texas 77375, and based upon information and belief, also conducts business in Harris County, Texas and elsewhere through a variety of aliases, including, but not limited to, professorfoam.com, professorfoam@gmail.com, Professor Foam, an Amazon Store ("Professorfoam"), and other corporations and entities as yet unascertained. Based upon information and belief, Defendant David was at all times relevant herein a principal of Professorfoam. Based upon information and belief, Defendant David owns and/or controls each of these corporations or entities.

3. Based upon information and belief, Defendant Sandra Gallagher Lewis, an individual (hereinafter referred to as "Sandra"), resides in the state of Texas, Harris County, at 8331 Sierra Dawn Drive, Tomball, Texas 77375, and based upon information and belief, also conducts business in Harris County, Texas and elsewhere through a variety of aliases, including, but not limited to, professorfoam.com, professorfoam@gmail.com, Professor Foam, an Amazon Store ("Professorfoam"), and other corporations and entities as yet unascertained. Based upon information and belief, Defendant Sandra was at all times relevant herein also a principal of Professorfoam. Based upon information and belief, Defendant Sandra owns and/or controls each of these corporations or entities.

4. The true names and capacities, whether corporate, individual, partnership or otherwise of defendants named in this complaint as DOES 1 through 10 are unknown to the Plaintiff and for

that reason are sued by them by their fictitious names. Plaintiff is informed and believes, and therefore allege, that each of the DOE Defendants is legally or otherwise responsible in some manner for the actions alleged in this complaint and that Plaintiff's damages were proximately caused by the DOE Defendant's acts.

5. Plaintiff is informed and believes and therefore alleges that each of the defendants, including the DOE Defendants, are jointly and severally liable as principal, agent, employer, partner or alter-ego of each of the remaining defendants and were, in performing the acts complained of in this complaint, acting at least partially within the scope of that agency, employment, partnership or alter-ego authority. All Defendants, including the DOE Defendants, are referred to in this Complaint collectively as "Defendants".

## JURISDICTION AND VENUE

6. This action arises in part under the Acts of Congress relating to the copyright laws of the United States, Title 17 U.S.C. §§ 101 *et seq*, under the Lanham Act, Title 15 U.S.C. §1051, *et seq*, and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves Federal questions of law.

7. Pursuant to 28 U.S.C. § 1332 the Court has original jurisdiction over the subject matter of this Complaint. Upon information and belief and documents publically available from the Secretary of State for Texas, Defendants are citizens of the State of Texas.

8. Further pursuant to 28 U.S.C. § 1332(a), the matter in controversy exceeds the sum of $75,000.00. This amount is based on pecuniary damages, resulting from Defendants' intentional interference with Plaintiff's existing and prospective economic advantage, the damage to Plaintiff's business reputation and goodwill, as well as the intentional and malicious nature of Defendants' actions, which entitle Plaintiffs to punitive damages.

COMPLAINT

3

9. The Plaintiff's principal place of business is in California.

10. Based upon information and belief, Defendants are conducting business in this District and Defendants committed their tortious acts intentionally using numerous internet service providers and online sales channels some of whom are based in California with full knowledge that the damage caused by their acts are directed towards residents of this venue, giving rise to this Court's general, personal and specific jurisdiction over Defendants.

11. Defendants have purposely availed themselves of the privilege of conducting activities within California, thus invoking the benefits and protections of its laws. Defendants have engaged in wrongful conduct targeted at Plaintiff whom the Defendants knew to be a resident of the forum state.

12. By virtue of the foregoing, this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, et seq.

14. Venue is proper in this District under 28 U.S.C. §1391(a)(2).

15. A jury trial is demanded.

## GENERAL ALLEGATIONS

### A. Plaintiff's Background

16. Since 1984, Plaintiff Mission Trading Company, Inc., has been a manufacturer and wholesaler of aftermarket automotive parts distributed throughout the United States and the world.

17. For over three decades, MTC has acquired considerable goodwill and a positive business reputation in the automotive industry.

18. Since its inception more than thirty years ago, MTC has dedicated substantial effort and financial resources in the acquisition, development, servicing, and growth of its customer base. Through these efforts, MTC has acquired a substantial amount of highly confidential customer information, which the company has protected as its trade secrets. This includes, but is not limited to, the

names, addresses, telephone numbers and bank account information of numerous customers, the sources of its products, to whom MTC sells products, and other sensitive financial information (hereinafter referred to as the "Confidential Customer Information").

19. MTC Possesses both common law and federal trademark rights to multiple marks (hereinafter referred to as "MTC trademarks") under the common law and has continuously and exclusively used the MTC trademarks throughout the United States for many years in connection with automotive goods and services.

20. MTC's efforts to market goods and services in connection with the MTC trademarks have resulted in significant sales. Moreover, MTC's goods and services offered in connection with the MTC trademarks have benefitted and contributed to MTC's high reputation for quality.

21. Through continuous and substantially exclusive use of the MTC trademarks, MTC has developed significant goodwill. The MTC trademarks have become associated in the minds of the public with MTC and its goods and services.

### B. Background as to Defendant's Misconduct

22. Defendants directly compete with MTC.

23. Defendants have embarked on a campaign to redirect MTC's clients to Defendants.

24. Defendants have used Amazon.com and other websites to sell their own products using the MTC trademarks and to promote Defendant's own company as a supplier of said MTC trademark products.

25. Defendants have engaged in a pattern and practice of undercutting prices for products using MTC's trademarks thereby deceiving and confusing consumers into believing that they are receiving MTC products, when in reality Defendants sent their own "Professorfoam" brand products instead.

COMPLAINT

5

26. Plaintiff's products are made to the highest quality standards and are known worldwide for their superior quality and durability in the market.

27. Defendants maliciously, willfully, and wantonly have used and continue to use Plaintiffs reputation to sell their own products in the marketplace.

28. Based upon information and belief, Defendants continue to create new infringing advertisements and product listings using the MTC trademarks to damage Plaintiffs, and to promote their own brands.

## FIRST CAUSE OF ACTION
### (False Advertising and Designation of Origin)

29. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

30. Defendants, by infringing the MTC trademarks in their online advertisements and offers to sell misrepresent and falsely describe to the general public the origin, affiliation and/or sponsorship of the products they are selling.

31. Defendants used and continue to use the MTC trademarks in order to delude and confuse the public into believing that the products sold by Defendants are authorized, sponsored, approved or associated with MTC.

32. Defendant's unauthorized marketing and promotion of MTC products and/or services are designed to deceive existing and prospective Customers into erroneously believing that Plaintiffs were the marketers, authorized retailers, and/or promoters of such products.

33. Based upon information and belief, Defendants knew that MTC's existing and prospective Customers would rely upon the statements, advertisements, offers for sale, and/or representations and erroneously believe that Plaintiffs had authorized them.

34. These actions of Defendants are likely to confuse, mislead, and deceive existing and potential customers of MTC as to the origin and/or affiliation of Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

35. Defendants use of Plaintiffs MTC trademarks in its statements, advertisements, offers for sale, and/or representations further constitutes a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with MTC, or as to the origin, sponsorship or approval of Defendants' services or commercial activities by MTC.

36. Confusion, deception and/or mistake has occurred as a direct result of Defendants' unauthorized advertising and promotion using Plaintiffs identities and the MTC trademarks.

37. Defendants have profited from their unlawful activities. Unless Defendants conduct is enjoined, Plaintiffs goodwill and reputation will continue to suffer irreparable injury, which cannot be adequately calculated or compensated solely by money damages. Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

38. Plaintiffs have suffered monetary damages as a result of Defendants acts. In order to determine the full extent of these damages, including Defendants' profits, MTC needs an accounting from Defendants of all monies generated from their unlawful use of the MTC trademarks.

39. Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Plaintiff. Accordingly, Plaintiff is entitled to recover Defendants' profits and to a judgment of three times his damages, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Trademark Infringement)

40. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

41. This Cause of Action is for Trademark Infringement pursuant to 15 U.S.C. §1125 *et seq.*

42. Starting from a date presently unknown, Defendants used the MTC trademarks, without Plaintiff's permission.

43. Defendants used and continue to use the MTC trademarks in statements, advertisements, offers for sale, and/or made representations for their own distinct products, and promoted them using the MTC trademarks in a way which appears to be authorized by MTC, when in fact they were not.

44. The actions of Defendants are likely to confuse, mislead, and deceive existing and potential customers of MTC as to the origin and/or affiliation of Plaintiff in violation of 15 U.S.C. §1125 *et seq.*

45. Defendants conduct described above has caused damage to the intellectual property rights of Plaintiffs, their business, reputation and goodwill.

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

46. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

47. This cause of action arises under common law.

48. By the acts and activities of Defendants complained herein, Defendants have been unjustly enriched.

49. Defendants conduct described above has caused and, if nor enjoined, will continue to cause irreparable damage to the rights of Plaintiffs.

50. Upon information and belief, Defendants will continue to infringe Plaintiff's exclusive rights in its trademarks.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (Negligent Interference with Contractual Relations)

51. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

52. As set forth more full herein, Defendants have wrongfully and negligently interfered with MTC's contractual relationships with existing and prospective clients.

53. Defendants knew, or should have known about the existence of these contractual relations and targeted MTC's existing and prospective clients by making said fraudulent advertisements, offers for sale, and/or representations.

54. As a direct and proximate consequence of Defendants actions, MTC is suffering immediate and irreparable injury, loss, harm and damages. MTC will continue to suffer injury unless an injunction is issued to compel Defendants to refrain from further misconduct.

55. MTC has no adequate remedy at law for its injuries caused by Defendants in that it will be impossible for MTC to determine the precise amount of damages in the form of loss of clients, business, revenue, goodwill and reputation that it will suffer if Defendants' actions are not enjoined.

56. Defendants actions as alleged herein, were oppressive, fraudulent and malicious, entitling the Plaintiffs to punitive and exemplary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for the relief set forth below.

### FIFTH CAUSE OF ACTION
**(Intentional Interference with Prospective Economic Advantage)**

57. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

58. Over the last thirty years, Plaintiffs have developed invaluable economic relationships within the automotive industry. Defendants knew about these relationships and intentionally interfered with, and caused an interference of these relationships by soliciting California residents through unlawful means, including, but not limited to, Plaintiff, and misleading persons into believing that they were somehow affiliated with them. In so doing, Defendants acted with the intent to destroy or otherwise interfere with Plaintiffs relationships with said persons, and have successfully done so.

59. As a direct and proximate result of Defendants actions, Plaintiffs are suffering immediate and irreparable injury, loss, harm and damage. Plaintiffs will continue to suffer such injury unless an injunction is issued to compel Defendants to refrain from further misconduct, as specifically prayed for below.

60. Plaintiff has no adequate remedy at law for its injuries caused by Defendants in that it will be impossible for Plaintiff to determine the precise amount of damages in the form of loss of: clients, business, revenue, goodwill and reputation that it has suffered and will continue to suffer if Defendants' actions are not enjoined.

61. As a proximate result of Defendants' actions, Plaintiff has sustained and will continue to sustain damages in an amount to be proven at trial.

62. Defendants' actions were oppressive, fraudulent and malicious, entitling Plaintiff to punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
**(Unfair Competition - Business and Professions Code section 17200 *et seq.*)**

63. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

64. Defendants conduct as set forth above is an unlawful business practice in violation of Business and Professions Code sections 17200 *et seq.*

65. Defendants acts of unfair competition are causing and will continue to cause great and irreparable injury to MTC in that the conduct will continue to result in the diversion from MTC's substantial amount of business which will likely never be reclaimed. The damages that have been and will be sustained by MTC cannot readily be ascertained, and unless immediate injunctive relief is granted, the unfair competition will render ineffective a final judgment in this action. MTC has no adequate remedy at law to redress Defendants continued misconduct.

66. Defendants actions as alleged herein, were oppressive, fraudulent and malicious, entitling the Plaintiffs to punitive and exemplary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for the relief set forth below.

### PRAYER

WHEREFORE, Plaintiff prays for the following relief:

COMPLAINT

1. For a judgment that Defendant David unlawfully interfered with Plaintiff's prospective economic advantage;

2. For a judgment that Defendant Sandra unlawfully interfered with Plaintiff's prospective economic advantage;

3. For a judgment against Defendants for entry of a preliminary and permanent injunction, restraining and enjoining Defendants and all of their officers, agents, successors, assigns and all persons in active concert or participation with any of them from making any further defamatory statements against Plaintiff's or their affiliates or making any false statements about Plaintiff's products and/or services;

4. Pursuant to 15 U.S.C. §1117(a), that the Court further preliminary and permanently enjoin and restrain Defendants from:

   a. Infringing or contributing to the infringement of MTC trademarks and/or engaging in any acts or activities directly or indirectly calculated to infringe MTC trademarks, and

   b. Using, selling, offering for sale, promoting, advertising, marketing or distributing of press releases, articles, advertisements or marketing materials that include false designation of origin;

5. For a permanent injunction against Defendants that orders them to:

   a. Refrain from soliciting business from any client or prospective candidate of MTC, and from accepting any business or account transfers from any of these clients whom Defendants have solicited;

   b. Refrain from possessing, copying, using, disclosing or transmitting for any purpose the confidential information of MTC;

   c. Refrain from imitating, copying or making unauthorized use of MTC trademarks, or any confusingly similar variation thereof; and

    d. Refrain from engaging in any other activity constituting unfair competition with MTC that would violate or damage MTC's intellectual property, reputation or goodwill.

6. For an order that Defendants provide an accounting for all profits they have obtained due to their misappropriation of trade secrets, trademark infringement, and false designation of origin;

7. For Defendants' profits derived from their unlawful conduct;

8. For treble damages for Defendants' trademark infringement, unfair competition and false designation of origin pursuant to 15 U.S.C. § 1117(b);

9. Pursuant to Civil Code § 3426.3(c) an award of double damages;

10. For compensatory damages in an amount proven at trial;

11. For Punitive and exemplary damages in the amount awarded at trial;

12. For attorneys' fees and costs;

13. For costs of suit;

14. For such other and further relief as the court may deem just and proper.

Dated: March 4, 2016

LAW OFFICES OF SUNITA KAPOOR

By: _____
SUNITA KAPOOR
Attorney for Plaintiff