Kira A. Schlesinger, Esq. (SB CA: 205357; AZ: 023450)
**SCHLESINGER CONRAD LAW FIRM**
3936 E. Desert Cove Avenue, 1st Fl.
Phoenix, Arizona 85027
Tel: 602-812-3661
Fax: 480-522-3674
E-Mail: docket@schlesingerconrad.com

*Attorney for Defendants*
*Sandra Gallagher Lewis*
*And David Vincent Lewis*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION TRADING COMPANY, INC., | CASE NO.:  16-CV-01110-JST |
| Plaintiff, | NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS AND/OR CHANGE VENUE. |
| v. | |
| SANDRA GALLAGHER LEWIS, individually; DAVID VINCENT LEWIS, individually; DOES 1 – 10, inclusive, | Time: 2:00 p.m.<br>Date: October 27, 2016<br>Location: San Francisco Courthouse, Courtroom 9 - 19th Floor;  450 Golden Gate Avenue, San Francisco, California |
| Defendants. | [Filed Concurrently with:<br><br>- Request for Judicial Notice;<br>- Declaration of Kira A. Schlesinger;<br>- (Proposed) Order re Dismissal.] |



**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

# TABLE OF CONTENTS

I.     INTRODUCTORY STATEMENT. ...................................................1

II.    BACKGROUND. ............................................................... 2

    A.    Factual Background. ........................................... 2

    B.    Procedural Background. .................................... 3

III.   ARGUMENT..................................................... 4

    A.    The Complaint Fails to Meet the Standard of Rule 8 Pleading Requirements. ................................................... 4

    B.    Neither Jurisdiction Nor Venue Comport With Federal Standards. ..7

        1.    General Jurisdiction Cannot Be Pleaded. ....................7

        2.    Specific Jurisdiction Also Fails...................... 8

    C.    Venue is Improper in the Northern District of California. ...............12

    D.    Service Did Not Comply with Federal Rules for Substituted Service. ............................................. 14

    E.    The Claim for False Advertising and Designation of Origin Fail. ......14

    F.    The Substantive Allegations Based on Trademark Fail. ..................15

    G.    The Claim for Unjust Enrichment Fails as a Matter of Law. ............18

    H.    The Negligent Interference and Intentional Interference Claims Both Fail as a Matter of Law and Pleading.................................18

    I.    Injunction Cannot Be Sustained.......................................19

IV.    CONCLUSION.....................................................21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1ª Fl., Phoenix, AZ 85028



Notice of Motion and Motion, Memorandum of Points and Authorities in Support of Defendant David Lewis' Motion to Dismiss

# TABLE OF AUTHORITIES

<u>Cases</u>

*Apple Inc. v. Amazon.com Inc.*
(N.D. Cal. 2013) 915 F.Supp.2d 1084 .................................................15

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662, 678 ....................................................4, 11, 21

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*
(9th Cir. 2000) 223 F.3d 1082 .......................................... 11

*Bell Atlantic Corp. v. Twombly*
(2007) 550 U.S. 544 ...............................................2, 4, 21

*Blank v. Kirwan*
(1985) 39 Cal.3d. 311 ..............................................19

*Brand v. Menlove Dodge*
(9th Cir. 1986) 796 F.2d 1070 ........................................7

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.*
(9th Cir. 1999) 174 F.3d 1036......................................15

*Davis v. Nadrich*
(2009) 174 Cal.App. 4th 1 ..........................................18

*Delta Sigma Theta Sorority Inc. v. Bivins*
(D.D.C. 2014) 20 F.Supp.3d 207 ..................................13

*E. & J. Gallo Winery v. Gallo Cattle Co.*
(9th Cir.1992) 967 F.2d 1280.......................................17

*Educational Testing Service v. Simon*
(C.D. Cal. 1999) 95 F.Supp.2d 1081 ..........................20

*Greenberg v. Miami Children's Hosp. Research Inst., Inc.,*
(N.D. Ill. 2002) 208 F.Supp.2d 918.............................13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
(1984) 466 U.S. 408, 416 ............................................7

*Humane Soc. of the U.S. v. Gutierrez*
(9th Cir.2009) 558 F.3d 896.........................................21

*Independent Party v. Padilla*
(E.D. Cal., May 4, 2016, No. CV21600316WBSCKD) 2016 WL 2347052...............21

*Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc.*
(9th Cir. 2002) 285 F.3d 848 ......................................20

*Korea Supply Co., v. Lockheed Martin Corp.*
(2003) 29 Cal.4th 1134................................................20

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

ii

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1ˢᵗ Fl., Phoenix, AZ 85028



*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*
    (2004) 543 U.S. 111 ........................................................................... 16

*McBride v. Boughton*
    (2004) 123 Cal.App.4th 379 ............................................................ 18

*Multi Time Machine, Inc. v. Amazon.com, Inc.*
    (9th Cir. 2015) 804 F.3d 930 .......................................................... 17

*Papasan v. Allain*
    (1986)478 U.S. 265, 286 ..........................................................*passim*

*Pebble Beach Co. v. Caddy*
    (9th Cir. 2006) 453 F.3d 1151 ................................................9, 10, 11

*Perkins v. Benguet Consol. Mining Co.*
    (1952) 342 U.S. 437........................................................................... 7

*Podolsky v. First Healthcare Corp.*
    (1996) 50 Cal.App.4th 632 ............................................................ 20

*Schwarzenegger v. Fred Martin Motor Co.*
    (9th Cir. 2004) 374 F.3d 797 ................................................7, 8, 9, 12

*United Financial Mortg. Corp. v. Bayshores Funding Corp.*
    (N.D. Ill. 2002) 245 F.Supp.2d 884 ............................................... 13

*Youst v. Longo*
    (1987) 43 Cal.3d 64 ........................................................................ 19

*Zombondo Entertainment, LLC v. Falls Media, LLC*
    (9th Cir. 2010) 602 F.3d 1108......................................................... 16

<u>Statutes</u>

28 U.S.C.A. § 1391 ................................................................................ 12

California Business and Professions Code § 17200 ............................. 19, 20, 21

Federal Rule of Civil Procedure 12(b)(2).............................................. 1

Federal Rule of Civil Procedure 12(b)(3).............................................. 1

Federal Rule of Civil Procedure 12(b)(6).............................................. 1

Federal Rule of Civil Procedure 4(e)(2)(B)........................................... 14

Federal Rule of Civil Procedure 8(a)(2).................................................. 4



**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1ˢᵗ Fl., Phoenix, AZ 85028

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

TO: HONORABLE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendant David Lewis, by and through counsel of record will, and hereby does, move this Court for an Order dismissing the Complaint filed by Mission Trading Company, LLC against Defendant. In the alternative, Defendant requests that this case be transferred to an appropriate district in Texas. The bases of this motion is Federal Rule of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6).

The motion is supported by the Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Kira A. Schlesinger, the proposed Order, the documents and pleadings on file with this Court and such further evidence as this Court may admit at time of hearing.

Dated: August 24, 2016    **SCHLESINGER CONRAD LAW FIRM**

By */s/ Kira A. Schlesinger*
Kira A. Schlesinger,
Attorneys for Defendants
Sandra and David Lewis

## I.    INTRODUCTORY STATEMENT.

Moving Defendant David Vincent Lewis, along with non-movant Sandra Gallagher Lewis, have been haled into court in California despite being residents of Texas, and having no contacts with California, no businesses in California, no personnel in California, no minimum contacts with California, and no conduct purposefully directed at the State of California. Indeed, Defendant has not even introduced his product into the stream of commerce from within California. Thus, the Complaint should be dismissed with prejudice because no personal jurisdiction exists.

The Complaint filed by MTC fails to state any facts upon which Defendants could defend. The Complaint purports to be one for trademark



infringement, but the Plaintiff never identifies what trademark Defendants allegedly infringed upon.  It never states that it is the owner of any trademark allegedly used by Defendant. The Complaint is the epitome of labels, conclusions, and the formulaic recitation of the elements that was rejected in *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544.  As each other cause of action requires the predicate of trademark infringement, the Complaint should be dismissed with prejudice.

## II.   BACKGROUND.

### A.   Factual Background.

Professor Foam is owned by David Lewis and his wife Sandra. Dkt. 29-1 (2:8).  As stated in Plaintiff's Complaint, Defendants live in Texas and do business from Texas. Dkt. 2 (2:5-9; 3:22).  The company sells various automotive aftermarket products on Amazon and similar websites under the Professor Foam label. Dkt. 29-1 (2:9-10).

Amazon.com is a worldwide provider of all sorts of merchandise and electronic media. The terms and conditions for Amazon state that jurisdiction is Washington State, as Amazon is famously headquartered in Seattle, Washington.  Dkt. 29 (9:11-12).

Sellers on Amazon create an ad and it is assigned an Amazon Seller Identification Number or "ASIN".  Dkt. 29-1 (2:16-18). That number is assigned by Amazon based upon the relation of the new ad to "parent" products. *Id.*  In order to sell on Amazon, each seller must agree to the terms, including arbitration. Dkt. 29-1 (2:19-22).

Professor Foam does not sell exterior car parts. *Id.* at ¶ 4. The products that are at issue in this case are O-Rings and seals.  They are not exterior car parts.  Rather, "[t]he O-Ring is one of the simplest, most common types of seal for a wide range of static and dynamic applications."[1]

---

[1] http://www.applerubber.com/hot-topics-for-engineers/how-an-o-ring-works/ (visited

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS

2

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1ˢᵗ Fl., Phoenix, AZ 85028



1  There is nothing unique about an O-Ring, and Plaintiff does not allege that

2  they sell a unique design.  In fact, the Complaint does not specifically state

3  that they sell O-Rings, at all.  Rather, the Complaint states only that "MTC

4  Possesses [sic] both common law and federal trademark rights to multiple

5  marks (hereinafter referred to as MTC trademarks.)" and MTC has "used the

6  MTC trademarks . . . in connection with automotive goods and services"

7  Dkt. 2, 5:4-8.  Plaintiff never states what the trademarks are, or what is

8  covered under the alleged "common law and federal trademarks." *Id.*

9  Defendants purchased O-Rings in Texas, and then packaged them as

10  kits for sale online, including on Amazon.  Dkt. 29-1 (2:14-15); *see also*

11  Complaint, Dkt. 2, 2:5-11. Defendant does not target or seek out sales in the

12  State of California.  Dkt. 29-1 (3:6).  No MTC trademark registered with the

13  United States Patent and Trademark Office covers O-Rings.  *See* Request for

14  Judicial Notice ("RJN"), filed concurrently, Exhibit 1.

15  **B.    Procedural Background.**

16  On March 4, 2016, Plaintiff MTC filed a Complaint against Defendants

17  asserting claims for false advertising, trademark infringement, unjust

18  enrichment, negligent interference with contractual relations, intentional

19  interference with prospective economic advantage, and unfair competition.

20  Dkt. 2. The Complaint alleges that "Defendants have used Amazon.com and

21  other websites to sell their own products using the [Mission Trading

22  Company] trademarks and to promote Defendant[s'] own company as a

23  supplier of said [Mission Trading Company] trademark products." *Id*. (5:21-

24  23); *see also* Dkt. 36, (1:19-22).

25  Defendant David Lewis, was not properly served and, therefore, failed

26  to answer the Complaint in a timely manner.  On June 8, 2016, Plaintiff filed

27

28  8/24/2016 9:02 AM).



Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

a Request for Entry of Default. Dkt. 24. The Clerk of the Court entered default as to Defendant David Lewis on June 10, 2016. Dkt. 25.  On June 20, 2016, counsel appeared on behalf of both defendants. Dkt. 26.  On June 29, 2016, Defendant David Lewis filed a Motion to Vacate Default. Dkt. 29. The Court granted the motion to set aside the default, noting the Plaintiff had failed to identify any factual allegations from which the Court could conclude that Defendant "'purposefully directed' his conduct at California." Dtk. 36 (3:28-4:2).

## III.   ARGUMENT.

### A. The Complaint Fails to Meet the Standard of Rule 8 Pleading Requirements.

The instant Complaint fails because it does not provide sufficient facts to move this case from a metaphysical doubt to a plausible claim.  It is well-established that a mere recitation of the elements of a cause of action, coupled with conclusory statements, is insufficient to withstand a motion to dismiss.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the United States Supreme Court held in *Bell Atlantic v. Twombly* (2007) 550 U.S. 544, 545, the pleading standard Rule 8 announces "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (citing *Papasan v. Allain* (1986)478 U.S. 265, 286).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp., supra,* at 555 (citing *Papasan, supra.)*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS

4

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



In this case, each of Plaintiff's cause of action parrot the elements, but offer almost nothing in the way of facts.  No cause of action rises above conclusory and formulaic "he harmed me" assertions.

Plaintiff's First Cause of Action is for False Advertising and Designation of Origin.  Plaintiff states only the generic phrase that Defendants "falsely describe to the general public the origin, affiliation and/or sponsorship of the products they are selling." Dkt. 2 (6:15-16).  There is no indication of what the designation is, much less why it is false.  Plaintiff asserts that Defendant's continued use of some unidentified trademark claimed by MTC is likely to "delude and confuse the public."  Dkt. 2 (6:17-20).  Plaintiff does not say how or why such confusion could result, and does not assert any facts to demonstrate any confusion has occurred.

Plaintiff's Second Cause of Action for Trademark Infringement fares no better.  Plaintiff fails to identify any specific trademark.  All we know is that Plaintiff claims "multiple marks" related to "automotive goods and services." Dkt. 2 (5:4-8).  That does not provide sufficient information under Rule 8 to allow Defendant to defend such an amorphous claim.

The Third Cause of Action for Unjust Enrichment appears to seek an injunction as its primary relief.  The elements for an injunction are missing, however, because Plaintiff merely asserts that the "conduct described above . . . will continue to cause irreparable damage to the rights of Plaintiffs". (Dkt. 2 (9:3-4).  Plaintiff do not identify the alleged harm beyond an early assertion that Defendant is "undercutting prices".  Dkt. 2 (5:24).  Nothing demonstrates that loss of revenue would be "irreparable harm."  Nothing in the Complaint can reasonably be read to support the need for an injunction.

The Fourth Cause of Action for Negligent Interference with Contractual Relations states: "Defendants knew, or should have known about the existence of *these contractual relations* and targeted MTC's

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS

5

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1ˢᵗ Fl., Phoenix, AZ 85028



existing and prospective clients by making said fraudulent advertisements, offers for sale, and/or representations." Dkt. 2 (9:17-20) (emphasis added). Plaintiffs do not identify "these contractual relations" beyond a vague reference to the entire automotive industry. *Id.* Moreover, the Complaint fails to state how Defendant allegedly "targeted" Plaintiff's customers, beyond his listing generic O-Rings for sale on Amazon.

The Fifth Cause of Action is for Intentional Interference with Prospective Economic Advantage. Plaintiff asserts that "[o]ver the last thirty years, Plaintiffs [sic] have developed invaluable economic relationships within the automotive industry." Dkt. 2 (10:10-11). Plaintiff does not identify any particular entity or individual with whom they allegedly have an economic relationship. Nevertheless, Plaintiff alleges that Defendant "knew about *these* relationships and *intentionally* interfered with . . . these relationships by soliciting California residents through unlawful means." (Dkt. 2 (10:11-12) (emphasis added). Needless to say placing an ad on the Internet is neither a direct solicitation of California residents, nor is it illegal. The assertion that Defendant intended any harm to "Plaintiff's relationships with said persons" is too vague to withstand this motion to dismiss. *See* Dkt. 2 (10:16).

The final Sixth Cause of Action is a state law claim for "Unfair Competition – Business and Professions Code section 17200 *et seq.*" This cause of action again seeks an injunction, purportedly because Defendants are "undercutting prices" charged by Plaintiff. Dkt. 2 (5:24 [incorporated by reference into each cause of action]). Selling a generic product at a cheaper price is neither illegal nor the basis for an injunction. This cause of action should be dismissed as lacking any factual support.

The Complaint in this case is wholly devoid of any factual matter such as required to survive a motion to dismiss. This Court is respectfully

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS

6



**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

1  requested to dismiss the Complaint with prejudice.[2]

2  **B.    Neither Jurisdiction Nor Venue Comport With Federal Standards.**

3

4  Plaintiff cannot make out a *prima facie* showing of jurisdiction in

5  California.  The plaintiff bears the burden of demonstrating that jurisdiction

6  is appropriate. *Schwarzenegger v. Fred Martin Motor Co*. (9th Cir. 2004)

7  374 F.3d 797, 800.  The only inquiry at this stage is whether the

8  uncontroverted factual allegations of Plaintiff's Complaint – as opposed to

9  vague assertions – would show personal jurisdiction in this Court. *Id*.  The

10  Complaint does not show personal jurisdiction, either general or specific.

11  **1.    General Jurisdiction Cannot Be Pleaded.**

12  Plaintiff has not met, and cannot meet, the high standard to establish

13  general jurisdiction in this case.  In order to meet that standard, Plaintiff

14  would need to show that Defendant has had "continuous and systematic

15  general business contacts" in the state of California such as to "'approximate

16  physical presence' in the forum state." *Schwarzenegger, supra*, at 801

17  (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984) 466 U.S.

18  408, 416 (citing *Perkins v. Benguet Consol. Mining Co*. (1952) 342 U.S.

19  437); *see also Brand v. Menlove Dodge* (9th Cir. 1986) 796 F.2d 1070, 1073.

20  Plaintiff's allegation that Defendant targeted Plaintiff is both

21  erroneous and legally insufficient.  As noted in Schwarzenegger,

22  maintaining "an Internet website that is available for viewing in California

23  and, for that matter, from any Internet café in Istanbul, Bangkok, or

24  anywhere else in the world" is insufficient to establish the "'continuous and

25  systematic' contacts that the Supreme Court and this court have held to

26

27  [2] As discussed below, Plaintiff does not own any trademark with regard to O-Rings. RJN, Ex. 1, *supra*.  Any subsequent allegation regarding such ownership would be futile.  Thus, Plaintiff's complaint should be dismissed with prejudice.

28

1  constitute sufficient 'presence' to warrant general jurisdiction."

2  *Schwarzenegger, supra,* 374 F.3d at 799, 801.

3      The Complaint states clearly that Defendant lives in Texas.  Dkt. 2

4  (2:6-7).  It further states that he does business in "Harris County, Texas." *Id.*

5  (2:8-9).  The only allegation that even refers to Defendant's contact with the

6  State of California is at Paragraph 10 of Plaintiff's Complaint:

7  > *Based upon information and belief,* Defendants are
8  > conducting business in this District and Defendants
   > committed their tortious acts intentionally using
9  > numerous internet service providers and online sales
   > channels *some of whom are based in California* with
10 > full knowledge that *the damage caused by their acts*
   > are directed towards residents of this venue, giving
11 > rise to this Court's general, personal and specific
   > jurisdiction over Defendants.  Dkt. 2 (4:2-7)
12 > (emphasis added).

13     Conducting business "in this District" through Internet is wholly

14 implausible as an argument that Defendant has continuous or systemic

15 contacts with this forum. *Schwarzenegger* 374 F.3d at 801.  There is no

16 showing that Defendant ever visited California in connection with his

17 business.  The only choice of law provision that could be relevant is the one

18 between Amazon and its sellers stating jurisdiction is the State of

19 Washington.  There is no evidence that Defendant has a representative in

20 California or that he bought his products from California.  In fact, he did

21 not. Dkt. 29-1 (2:14-15 ["Professor Foam purchases these components in

22 Texas. They are then packaged as kits and sold on Amazon."]).  The only

23 Internet or sales channel that is referenced is Amazon, which is based in

24 Seattle, Washington.  RJN, Ex. 2.

25     Plaintiff's complaint falls "well short" of showing sufficient contacts

26 for general jurisdiction.

27      ## 2.  Specific Jurisdiction Also Fails.

28     The facts in this case do not support a conclusion that any act by



NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

1  Defendant was expressly aimed at California.  Courts have developed a

2  three-prong test for analyzing a claim of specific personal jurisdiction:

3          The three-part test requires that the defendant have
           "(1) committed an intentional act, (2) expressly
4          aimed at the forum state, (3) causing harm that the
           defendant knows is likely to be suffered in the forum
5          state." *[Dole Food Co., Inc. v. Watts* (9th Cir. 2002)
           303 F.3d 1104, 1111]. All three parts of the test must
6          be satisfied.
   *Schwarzenegger v. Fred Martin Motor Co.* (9th Cir. 2004) 374
7  F.3d 797, 805; *see also Pebble Beach Co. v. Caddy* (9th Cir.
   2006) 453 F.3d 1151 1156.

8          If a plaintiff fails to demonstrate either of the first two elements,

9  specific jurisdiction does not lie. *Schwarzenegger, supra.*

10         The first element that Plaintiff must prove is that Defendant

11 committed an "intentional act" such that Defendant had "intent to perform

12 an actual, physical act in the real world, rather than an intent to accomplish

13 a result or consequence of that act."  *Schwarzenegger,* 374 F.3d at 806.

14         Although the Complaint is overly vague, the only "intentional act" that

15 Plaintiff could attribute to Defendant was selling Professor Foam's product

16 on Amazon. Amazon, of course, is a nationwide seller.  Defendant sold a

17 generic O-Ring that and did not state that he was selling any particular O-

18 Ring.

19         The Amazon site lists "other sellers" of comparable products.  Clicking

20 on an "other seller" or "new for $4.99" (or various other sales paths on

21 Amazon), will take the buyer to other sellers of O-Rings.  This is also true of

22 Plaintiff's sales of O-Rings.  RJN, Ex. 3.  This is true because all O-Rings of a

23 specific size and quality are interchangeable.  It is an extremely generic

24 product.

25         Because Amazon links various O-Ring sellers together, Plaintiff cannot

26 show that Defendant did any intentional act to target MTC.  Dkt. 29-1 (2:16-

27 18). Plaintiff did not affix any trademark registered to MTC to his listing,

28

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

1  and he did no "intentional act" targeted at California. Dkt. 29-1 (3:6; 4:5-8).

2  MTC does not have a trademark covering O-Rings.  RJN, Ex. 1, *supra*.  RJN,

3  Ex. 3, *supra*. Under these facts, facts which are missing from Plaintiff's

4  Complaint, Plaintiff cannot come close to showing that Plaintiff did an

5  intentional act.

6      Likewise, Plaintiff cannot show that Defendant "expressly aimed" any

7  conduct at California.  In *Pebble Beach,* the Ninth Circuit found that

8  "[e]vidence of availment is typically action taking place in the forum that

9  invokes the benefits and protections of the laws in the forum."  *Pebble Beach*

10  *Co., supra,* at 1155.  In other words, "untargeted negligence" that merely

11  happens to cause harm is insufficient to meet the "expressly aimed" test.

12      Courts have specifically rejected the idea that posting an

13  advertisement on the Internet, focused on whoever may purchase goods or

14  services from that website, can constitute an intentional act expressly aimed

15  at the forum state.  Rather, the Ninth Circuit has found that "evidence of

16  availment is typically action taking place in the forum that invokes the

17  benefits and protections of the laws in the forum." *Pebble Beach Co.,* 453

18  F.3d at 1155.

19      Plaintiff does not allege any facts to show that Defendant purposefully

20  directed his activities toward California, or that he availed himself of

21  California law.  In fact, the Complaint fails to show that Defendant conducts

22  any activities expressly aimed at the forum.

23      All of the conduct identified by the Complaint in this case states that

24  Defendant conducts his business from Texas. Dkt. 2 (2:8-9).  Plaintiff then

25  alleges that at Page 4 that: "Defendants have engaged in wrongful conduct

26  targeted at Plaintiff whom the Defendants knew to be a resident of the

27  forum state."  Dkt. 2 (4:8-11). Even under a generous reading of Plaintiff's

28  complaint, this is not a statement that Defendant expressly aimed conduct



NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1ˢᵗ Fl., Phoenix, AZ 85028

1    at California.

2         Specific jurisdiction requires "'something more' than just a foreseeable

3    effect to conclude that personal jurisdiction is proper." *Pebble Beach Co*. at

4    1158 (citing *Bancroft & Masters, Inc. v. Augusta Nat. Inc.* (9th Cir. 2000)

5    223 F.3d 1082, 1087, holding modified by *Yahoo! Inc. v. La Ligue Contre Le*

6    *Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006), 223 F.3d at

7    1087).  "Thus, the determinative question here is whether [Defendant's]

8    actions were 'something more'—precisely, whether his conduct was

9    expressly aimed at California or alternatively the United States." *Pebble*

10   *Beach Co*. at 1156.

11        In this case, the most that the Complaint asserts, albeit vaguely and on

12   "information and belief", is that Defendant does business "in this District"

13   by "using numerous internet service providers and online sales channels

14   *some of whom are based in California*".  Dkt. 2 (4:4) (emphasis added).

15   Thus, Plaintiff's own Complaint contradicts the allegation that Defendant

16   purposefully aimed any conduct at California.  Even if that were not true,

17   the statement is unavailing.  It is conclusory and unsupported by any facts.

18   *Ashcroft v. Iqbal, supra,* at 556 U.S. at 678.

19        The prong of "purposeful availment" fails.  The creation of a web

20   listing or advertisement is, as a matter of law, insufficient to show that

21   Defendant purposefully availed himself of California.  He did not "direct"

22   conduct at California, but rather at the buying public generally, whether

23   they be in Istanbul or Bangkok or New Hampshire. *Schwarzenegger* 374

24   F.3d at 799; *see also Pebble Beach, supra,* at 1158 (affirming dismissal

25   where website was not directed specifically at California).

26        Like the defendant in *Pebble Beach,* Defendant attempted to attract

27   customers through the use of a website.  He was not in California.  The only

28   acts identified by Plaintiff as being directed at California are the website and



1   the alleged use of the unidentified "MTC Marks".   The only acts of

2   advertising and packaging goods for sale and delivery, happened in Texas.

3   Dkt. 2 (2:7-8; 3:22).  Defendant advertised on Amazon.com, a worldwide

4   provider of all sorts of merchandise and electronic media.  The terms and

5   conditions for Amazon state that jurisdiction is Washington State.  RJN, 2;

6   *see also* Dkt. 8, page 2, ¶ 2(J) and (K), Exs. I and J.

7       No purchaser deals directly with Defendants.  Purchases are made

8   through Amazon.  Thus, as to Professor Foam, the advertisement is passive.

9   There is no specific solicitation of any sale from California.  Dkt. 29-1 (3:6).

10  Plaintiff will not be able to show that Defendants purposefully availed

11  themselves of California, much less aimed any conduct at California.  Like

12  the courts in *Pebble Beach* and *Schwarzenegger,* this Court should dismiss

13  the Complaint with prejudice on the basis that there is insufficient contact

14  to sustain jurisdiction in California.

15  ### C.   Venue is Improper in the Northern District of California.
16

17      The Complaint also fails because Plaintiff has failed to meet the

18  standards for venue as set forth in 28 U.S.C.A. § 1391.  That statute

19  mandates that the appropriate venue is "(1) a judicial district in which any

20  defendant resides, if all defendants are residents of the State in which the

21  district is located; (2) a judicial district in which a substantial part of the

22  events or omissions giving rise to the claim occurred, or a substantial part of

23  property that is the subject of the action is situated; or (3) if there is no

24  district in which an action may otherwise be brought as provided in this

25  section, any judicial district in which any defendant is subject to the court's

26  personal jurisdiction with respect to such action."

27      Once an objection has been raised, "it is 'the plaintiff's obligation to

28  institute the action in a permissible forum. . . .'" *Delta Sigma Theta Sorority*

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

*Inc. v. Bivins* (D.D.C. 2014) 20 F.Supp.3d 207, 211 (citing, *inter alia,* Wright, *et al.* § 3826, at 502, 505-06).  Plaintiff must show more than a passing connection with the chosen venue; it must show that a "substantial part" of the allegedly infringing sales were in the Northern District of California.  This Plaintiff cannot do, and nothing contained in the Complaint indicates that any amount of sales occurred in California, much less Northern California.

The concrete allegation that dictates venue is Defendants' residence and place of business in Texas.  Defendant works from his home in Harris County, Texas.  Dkt. 2 (2:5-9); Dkt. 29-1 (3:4-5).  Thus, Texas is the appropriate venue.  *Id.* at 211.  Thus, this case should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).  In the alternative, Defendant respectfully requests that either that an evidentiary hearing be held, or this Court exercise its discretion to transfer the case *sua sponte.*[3]

It is appropriate for this Court to consider a transfer under 28 U.S.C. § 1406. *See, e.g., Greenberg v. Miami Children's Hosp. Research Inst., Inc.,* 208 F.Supp.2d 918, 928 (N.D.Ill.2002). This Court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *United Financial Mortg. Corp. v. Bayshores Funding Corp.* (N.D. Ill. 2002) 245 F.Supp.2d 884, 896 (citing 28 U.S.C. § 1406(a).

Here, all of Defendants' witnesses are in Texas.  Plaintiff could have, and should have, brought the case there.  The only witnesses that will be in Northern California are Plaintiff and any employees of Plaintiff.  Such employees will have adequate incentive to testify in Texas if the need arises.

---

[3] Pursuant to Rule 19 and judicial economy, any such transfer necessitates transfer of the entire action.  Any partial transfer could result in contradictory rulings and would leave one case without a required party as David and Sandra jointly run Professor Foam and are husband and wife.

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS

13

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1ˢᵗ Fl., Phoenix, AZ 85028



As the majority of the acts alleged in the Complaint would have been done, if at all, in Texas, transfer if proper.

### D.    Service Did Not Comply with Federal Rules for Substituted Service.

Service was improper in this case because the documents were not provided to David Lewis, and they were not handed to Sandra Lewis. Rather, they were left on the doorstep.  In order to satisfy service requirements, the summons and complaint must be left at "the individual's dwelling or usual place of abode *with someone of suitable age and discretion who resides there*."   FRCP 4(e)(2)(B) (emphasis added).  This was not done.  Dkt. 29-2 (2:8-12).  Therefore, service is improper in contravention of Federal Rule of Civil Procedure 12(b).

Although Defendants had actual notice of the suit through separate service on Sandra Lewis, they were not clear that service had been completed as to David Lewis.  Both Sandra Lewis and David Lewis' names appeared on the summons.  It was not clear which party was being served. Therefore, it appeared at first blush that the second set of documents were merely a copy meant for Sandy.  S. Lewis Decl., ¶ 3.  This was ultimately sorted out, but the improper delivery of documents at the door of the Lewis residence was improper. Dkt. 29-1 (¶ 19; S. Lewis Decl., ¶¶ 2, 5.

### E.    The Claim for False Advertising and Designation of Origin Fail.

The Complaint fails to adequately allege the elements for its First Cause of Action "False Advertising and Designation of Origin."  In order to succeed on a false advertising claim, Plaintiff must plead and prove five separate elements:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



1

2

3

4

5

segment of its audience;(3) the deception is material, in that it is likely to influence the purchasing decision;(4) the defendant caused the false statement to enter interstate commerce; and(5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Apple Inc. v. Amazon.com Inc.* (N.D. Cal. 2013) 915 F.Supp.2d 1084, 1087.

6

7

8

9

10

11

12

13

14

15

16

17

The first element requires a false statement.  The Complaint fails to describe any false statement by Defendant.  Rather, Plaintiff vaguely asserts that "by infringing the MTC trademarks in their online advertisements and offers to sell misrepresent and falsely describe to the general public the orign, affiliation and/or sponsorship of the products they are selling."  Dkt. 2 (6:13-16).  The problems with this assertion are that (a) Defendant did not state he was selling an O-Ring covered by any MTC trademark; and (b) he is not selling any product covered by such a trademark.  Moreover, like the balance of the complaint, the allegation is overly vague.  Plaintiff never even states what trademark is at issue, nor does it state how a customer would be deceived.  As discussed below, both are fatal flaws such that the First Cause of Action, and the entire Complaint, should be dismissed with prejudice.

18

### F.     The Substantive Allegations Based on Trademark Fail.

19

20

21

22

23

24

25

26

27

The Second Cause of Action is for Trademark Infringement.   In order to show trademark infringement, Plaintiff must show that Defendant, "without the consent of the registrant— (a) use[d] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . ." *Brookfield Communications, Inc. v. West Coast Entertainment Corp.* (9th Cir. 1999) 174 F.3d 1036, 1046.

28

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID LEWIS' MOTION TO DISMISS

15

<div style="writing-mode: vertical">**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028</div>



Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

1   As an initial matter, no trademark held by MTC covers O-Rings. RJN,

2   Ex. 1.  Even if that were not true, it is doubtful that the generic letters "H.S"

3   could be the subject of trademark protection at all without added stylization,

4   which the Complaint does not assert exists on Amazon or elsewhere.  With

5   just the letters at issue, Plaintiff will have an uphill battle to carry its

6   "ultimate burden of proof that his or her mark is valid." *Zobmondo*

7   *Entertainment, LLC v. Falls Media, LLC* (9th Cir. 2010) 602 F.3d 1108,

8   1113.  Plaintiff cannot carry its burden that Defendant's actions—if any there

9   were—caused a likelihood of confusion.  *KP Permanent Make-Up, Inc. v.*

10  *Lasting Impression I, Inc.* (2004) 543 U.S. 111, 118.

11  The United States Patent and Trademark Office listing for Mission

12  Trading Company's mark states: "The mark consists of the letters 'H' and 'S'

13  centered in a rounded rectangular box.'"



16  That was not what initially appeared on Amazon.  Since the filing of the

17  motion to set aside default, Plaintiff has changed the image on the Amazon

18  site to include the above trademark.  However, even this trademark does not

19  cover O-Rings. RJN, Ex. 1.

20  The "H.S" logo, with its stylized rounded rectangle, applies to

21  "Automobile door handles; Automotive body kits comprising external

22  structural parts of automobiles; Bumpers for automobiles."  It does not

23  apply to internal engine replacement parts.  The alleged "infringement" is

24  not of the Mission Trading Company trademark.  Defendants did not apply

25  it to their listing in in the first instance, and even the bare initials placed by

26  Plaintiff or a third party have not been used in conjunction with any item

27  covered by Plaintiff's trademark.

28   "'The core element of trademark infringement' is whether the



1  defendant's conduct 'is likely to confuse customers about the source of the
2  products.' *E. & J. Gallo Winery v. Gallo Cattle Co.* (9th Cir.1992) 967 F.2d
3  1280, 1290. "'The confusion must 'be probable, not simply a possibility.'"
4  *Multi Time Machine, Inc. v. Amazon.com, Inc.* (9th Cir. 2015) 804 F.3d
5  930, 935, cert. denied (2016) 136 S.Ct. 1231 (citing *Murray v. Cable NBC*,
6  86 F.3d 858, 861 (9th Cir.1996)).

7      Because Amazon's search results page clearly labels the name and type
8  of each product offered for sale and even includes photographs of the items,
9  no reasonably prudent consumer accustomed to shopping online would
10  likely be confused as to the source of the products.  *See Multi Time Machine,*
11  *Inc., supra,* at 933.  Clear labeling can eliminate the likelihood of initial
12  interest confusion in cases involving Internet search terms.  *Id.* at 937.

13      A "reasonably prudent consumer" of the type of O-ring at issue here is
14  unlikely to be confused because the ads clearly state "Sold by: Professor
15  Foam."  Moreover, a purchaser will not be under any misapprehension that
16  the O-Ring they want to buy is an external structural part for an automobile.
17  The registered initial/rounded rectangle trademark clearly lists only two
18  classifications: 020-Furniture and articles not otherwise classified; and 012-
19  Vehicles and specifically excluding "parts of motors and engines (of all
20  kinds) (Cl. 7)."  Engine seals fall under Classification 7.  As the only category
21  for which Plaintiff holds a trademark does not include the Professor Foam
22  products, confusion is nearly impossible.  Even if that were not true—which
23  it is—it would be unusual if a purchaser of O-Rings, replacement parts for
24  internal engine parts, did not exercise great care in selecting the product as
25  specifications on any aftermarket parts must precisely mirror those being
26  replaced.

27      The letters "H.S" – and later the inapplicable trademark – were
28  inserted by either Amazon, Plaintiff or, perhaps, a computer program,

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

because the product is comparable to those listed by many companies selling generic O-Rings.  Dkt. 29-1 (4:5-8).  Amazon uses ASIN numbers to show that products are comparable.  *Id.* (2:16-18).  Anyone accustomed to shopping on line at Amazon.com will understand that designation is to show a similar seller, *i.e.,* a competitor.  A competitor is not the producer, by definition.  It is Amazon's practice to allow customers to compare items and provide "other sellers" of the same items.  RJN, Ex. 3.

No listing specifically states that Mission Trading Company is the producer of the O-Rings, and Plaintiff admitted that they are not.  Dkt. 29-3 (2:14-15).  They are tantamount to one retailer among many.  No infringement or other cause premised on a trademark can stand.

### G.     The Claim for Unjust Enrichment Fails as a Matter of Law.

The Third Cause of Action for Unjust Enrichment fails for the simple reason that this does not constitute a cause of action under Ninth Circuit law.  "Unjust enrichment is not a cause of action, however, or even a remedy".  *McBride v. Boughton* (2004) 123 Cal.App.4th 379, 387.  The claim should be dismissed.

### H.     The Negligent Interference and Intentional Interference Claims Both Fail as a Matter of Law and Pleading.

Plaintiff's Fourth and Fifth Causes of Action both fail as Plaintiff has failed to sufficiently allege either interference claim.  The reason that the negligent interference with contractual relations fails is very simple: "In California there is no cause of action for negligent interference with contractual relations." *Davis v. Nadrich* (2009) 174 Cal.App. 4th 1, 9, as modified (May 21, 2009).

As to the cause of action for intentional interference with prospective

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028



**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

1   economic advantage, the failure of the claim is equally clear.  While Plaintiff

2   will need to prove several elements, the threshold query is causation.

3   Plaintiff must show that "but for" Defendants' conduct, it is reasonably

4   probable that lost economic advantage would have actually been realized.

5   *Youst v. Longo* (1987) 43 Cal.3d 64, 71.  Plaintiff must allege more than a

6   euphemistic hope; a verifiable probability that the wrongful act resulted in

7   concrete losses is necessary.  *Id.*  In *Blank v. Kirwan* (1985) 39 Cal.3d 311,

8   the California Supreme Court held that Blank's claim for intentional

9   interference based on a conspiracy to monopolize the operations of poker

10  clubs.  The court ruled the complaint failed to state a cause of action for

11  intentional interference with prospective economic advantage because

12  "plaintiff had failed to state adequate facts satisfying the first element of the

13  tort, namely, an economic relationship between the plaintiff and some third

14  person containing the probability of future economic benefit to the

15  plaintiff." *Id* at 39 Cal.3d at 330.

16       The claim requires more than a hope of economic relationships in the

17  future; it requires a concrete relationship and intentional interference with

18  that specific relationship by defendant.  Plaintiff utterly misses that mark in

19  the Complaint.  Moreover, Professor Foam has never actively sought any

20  customers that were known to be those of Plaintiff.  S. Lewis, ¶ 12.

21  Accordingly, the Fourth and Fifth Causes of Action should also be dismissed

22  with prejudice.

23       **I.      Injunction Cannot Be Sustained.**

24       Plaintiff's Sixth Cause of Action, "Unfair Competition – Business and

25  Professions Code § 17200 ("UCL") – is a claim for an injunction.  This claim

26  also fails.  As with each other cause of action, it is deficient from a

27  substantive and procedural perspective.

28



NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

19

1    First, the "irreparable harm", as stated above, is not explained, much

2 less adequately pleaded.  A cause of action under the UCL accrues when the

3 allegedly wrongful conduct first occurs.  The discovery doctrine does not

4 apply.  See, e.g., *Karl Storz Endoscopy America, Inc. v. Surgical*

5 *Technologies, Inc.* (9th Cir. 2002) 285 F.3d 848, 857 (citing Cal. Bus. &

6 Prof. C. § 17208).  The Complaint does not state when the alleged conduct

7 began.  Thus, it is unclear if the Complaint was timely filed.

8    Second, even if the claim was properly pleaded – which it is not – it is

9 substantively defective.  The UCL protects the public from "unfair

10 competition," including business practices that are either "unlawful,"

11 "unfair," or "fraudulent."  *Educational Testing Service v. Simon* (C.D. Cal.

12 1999) 95 F.Supp.2d 1081, 1090 (citing *Podolsky v. First Healthcare Corp.*

13 (1996) 50 Cal.App.4th 632, 647, 58 Cal.Rptr.2d 89, 98).  The UCL "'borrows'

14 violations from other laws by making them independently actionable as

15 unfair competitive practices."  *Korea Supply Co., v. Lockheed Martin Corp.*

16 (2003) 29 Cal.4th 1134, 1143.

17    The only "unfair" conduct alleged demonstrates that Plaintiff seeks to

18 piggyback the UCL claim off of the mythical trademark infringement claim.

19 As there is no trademark to protect, much less one infringed upon, there can

20 be no unfair competition in selling O-Rings that Plaintiff and Defendants

21 each buy from third parties.  Further, as Defendants did not place any

22 trademark or initials on their Amazon listing, no conduct supports an unfair

23 competition claim.  Dkt. 29-1 (4:5-8).

24    Finally, an injunction is a very high standard to meet.[4]  The Plaintiff

25 must demonstrate that: (1) it is likely to succeed on the merits; (2) likely to

26

27 [4] Plaintiff also asserts a formulaic prayer for punitive damages. This also a very high
standard to meet. Plaintiff asserted no specific conduct, much less facts showing the

28 requisite evil state of mind, to warrant exemplary damages.

NOTICE OF MOTION AND MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DAVID LEWIS' MOTION TO DISMISS

Schlesinger Conrad Law Firm
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Independent Party v. Padilla* (E.D. Cal., May 4, 2016, No. CV21600316WBSCKD) 2016 WL 2347052, at *1 (citing *Winter v. Natural Res. Def. Council, Inc.* (2008)  555 U.S. 7, 21; *Humane Soc. of the U.S. v. Gutierrez* (9th Cir.2009) 558 F.3d 896, 896). "As the Supreme Court has repeatedly recognized, injunctive relief is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.*

As demonstrated above, there is very little chance that Plaintiff can succeed on the merits.  The balance of equities does not tip in Plaintiff's favor because stopping the sale of Professor Foam products will cause irreparable harm to Defendants, while doing little (or nothing) to avoid any phantom harm to Plaintiff.  The products listed on Amazon are, at most, legitimate listings from a competitor.  Inasmuch as competition is healthy for the economy and the consumer, there is no merit in an injunction.  The claim for an injunction should fail.  The UCL claim should properly be dismissed.

## IV.   CONCLUSION.

Plaintiff has submitted a conclusory and formulaic Complaint.  It cannot stand the Rule 8 requirements as those requirements are understood after *Iqball* and *Bell Atlantic, supra.*  But even if that were not true, and even if service had been proper, the case should be dismissed with prejudice because Plaintiff cannot show that personal jurisdiction exists in this Court.  Thus, if any claim were viable, this Court should transfer the case to Texas.

In reality, none of the other claims can survive.  The trademark allegation cannot be sustained under any circumstances because no trademark owned by Plaintiff applies to O-Rings.  Therefore, that is an



1   independent basis for dismissal with prejudice.

2         The existence of a valid and applicable trademark underpins each of

3   Plaintiff's additional causes of action.  Without that, none of the claims can

4   proceed.

5         Accordingly, Defendant David Lewis respectfully requests this Court

6   to dismiss this action against him with prejudice.  In the alternative, he

7   requests that the case be moved to Texas or, at a minimum, that an

8   evidentiary hearing be held to confirm that jurisdiction and venue are

9   improper in this Court.

10   Respectfully submitted,

11   Dated: August 24, 2016             **SCHLESINGER CONRAD LAW FIRM**

12

13                         By */s/ Kira A. Schlesinger*

14                         Kira A. Schlesinger,
                            Attorneys for Defendants

15                         Sandra and David Lewis

16

17

18

19

20

21

22

23

24

25

26

27

28

**Schlesinger Conrad Law Firm**
3936 E. Desert Cove Avenue, 1st Fl., Phoenix, AZ 85028

