UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION TRADING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID VINCENT LEWIS, et al., <br><br> Defendants. | Case No.16-cv-01110-JST <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br><br> Re: ECF No. 42 |

Before the Court is Defendant David Lewis's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. ECF No. 42. Alternatively, Defendant requests transfer of venue. Id. The Court finds that it lacks personal jurisdiction over Defendant and therefore grants Defendant's motion to transfer without reaching Defendant's motion to dismiss.

**I.  BACKGROUND**

On March 4, 2016, Plaintiff Mission Trading Company, Inc. ("MTC") filed this action against Defendants David Lewis and Sandra Lewis, making claims for false advertising and designation of origin, trademark infringement, unjust enrichment, negligent interference with contractual relations, intentional interference with prospective economic advantage, and unfair competition. ECF No. 2. MTC alleges that "Defendants have used Amazon.com and other websites to sell their own products using the MTC trademarks." Id. ¶ 24. As a result, Defendants are "redirect[ing] MTC's clients to Defendants"; "promot[ing] [its] own company"; and "deceiving and confusing consumers into believing that they are receiving MTC products, when in reality Defendants sen[d] their own 'Professorfoam' brand products instead." Id. ¶¶ 23-25.

MTC is a California corporation with its principal place of business in the County of

Alameda, California. Id. ¶ 1. Defendants reside in Texas and also conduct business in Texas through a variety of aliases, including "Professorfoam" on Amazon. Id. ¶¶ 2-3. MTC asserts that there is personal jurisdiction over Defendants because "Defendants are conducting business in this District and . . . using numerous internet service providers and online sales channels some of whom are based in California with full knowledge that the damage caused by their acts are directed towards residents of this venue." Id. ¶ 10.

On April 1, 2016, Sandra Lewis answered the complaint. ECF No. 8. MTC then filed a motion to strike Sandra Lewis's affirmative defenses and counterclaims on April 26, 2016, which the Court granted on September 13, 2016 with leave to amend. ECF Nos. 14, 47. Defendant filed an amended answer on October 7, 2016. ECF No. 48.

As to David Lewis, who did not answer the complaint, the Clerk of the Court entered default on June 10, 2016. ECF No. 25. On June 29, 2016, Lewis filed a motion to vacate default, ECF No. 29, which the Court granted on August 15, 2016, ECF No. 36. On August 24, 2016, Lewis filed a motion to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim, or in the alternative, to transfer venue, ECF No. 42, which motion the Court now considers.[1]

## II.   LEGAL STANDARD

"In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Absent an evidentiary hearing, the plaintiff need only make a "prima facie showing" of personal jurisdiction. Id. (quoting Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)). "Uncontroverted allegations in the plaintiff's complaint must be taken as true." Id. Where there are "[c]onflicts between the parties over statements contained in affidavits," they

---

[1] Defendant also requests that the Court take judicial notice of three documents. ECF No. 42-1. Exhibit 1 is "from the United States Trademark Office" and "reflect[s] trademarks owned by Mission Trading Company." Exhibit 2 is a "[p]rint-out reflecting Amazon's headquarters is in Seattle[,] Washington." Exhibit 3 contains "[p]rintouts from Amazon demonstrating the common practice of listing multiple sellers for O-Rings [the products at issue]." The Court finds that Exhibits 1-3 are unnecessary to the decision of the present motion, and therefore denies Defendant's requests for judicial notice.

"must be resolved in the plaintiff's favor." Id. (internal quotation marks omitted) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." Id. Because "California's long-arm statute is co-extensive with federal standards, . . . a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Id. (citing Panavision Int'l L.P. v. Toppen, 141 F.3d 1316, 1320 (9th Cir. 1998)). The relevant question here is whether nonresident Defendant David Lewis has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" See id. at 1015-16 (quoting Schwarzenegger, 374 F.3d at 801)).

There are two types of personal jurisdiction: "general or all-purpose" and "specific or case-linked." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984)). When a defendant's affiliations with the forum state are so "continuous and systematic" as to render the defendant "at home" in the state, a court may assert general jurisdiction to "hear any and all claims" against that defendant. Id. MTC does not argue that the Court has general jurisdiction over Lewis. ECF No. 50 at 11-14.

"Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear, 564 U.S. at 919 (internal quotation marks omitted). In contrast to general jurisdiction, specific jurisdiction is also "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (internal quotation marks omitted). The Ninth Circuit has established a "three-prong test for analyzing a claim of specific personal jurisdiction:"

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must

|   | comport with fair play and substantial justice, i.e. it must be reasonable. |

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden of satisfying the first two prongs of the test." Id. (citing Sher, 911 F.2d at 1361)). If the plaintiff succeeds in doing so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

### III. DISCUSSION

#### A. Personal Jurisdiction

##### 1. Purposeful Direction or Purposeful Availment

The first prong of the Ninth Circuit's test for specific personal jurisdiction asks whether the defendant "purposefully direct[ed]" its activities at the forum or "purposefully avail[ed]" itself of the privilege of conducting activities in the forum. Id. Purposeful direction and availment are "two distinct concepts." Id. While the "purposeful availment analysis is most often used in suits sounding in contract," a "purposeful direction analysis, on the other hand, is most often used in suits sounding in tort," such as this one. See id. Courts determine whether a defendant purposefully directed its actions at the forum by applying the three-part "effects" test from Calder v. Jones, 465 U.S. 783 (1984). Id. at 803. The test requires that "the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. (quoting Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)). "Under this 'effects test,' it is not sufficient that the defendant took action with a foreseeable effect in the forum state." Boschetto, 539 F.3d at 1021.

##### a. Intentional Act

The Ninth Circuit "construe[s] 'intent' in the context of the 'intentional act' test as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." Schwarzenegger, 374 F.3d at 806. In its complaint, MTC alleges that "Defendants have used Amazon.com and other websites to sell their own products using the MTC trademarks." ECF No. 2 ¶ 24. The alleged use of MTC trademarks on the websites constitutes "intentional acts" under the effects test. See Sanho Corp. v. Cimo

4

Techs., Inc., No. C 11-2473, 2012 WL 3075094, at *4 (N.D. Cal. July 30, 2012) ("[T]he intentional act requirement is easily satisfied, as [the defendant] performed the actual, physical act of posting the copyrighted images on its website and web-based storefronts.").

### b. Express Aiming

"[M]aintenance of a passive website alone cannot satisfy the express aiming prong." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1129 (9th Cir. 2010). "Something more," namely "conduct directly targeting the forum," is required to confer personal jurisdiction. Id. The Supreme Court has "reinforced the traditional understanding that our personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." Picot v. Weston, 780 F.3d 1206, 1214 (9th Cir. 2015) (citing Walden v. Fiore, 134 S. Ct. 1115 (2014)).

In Adobe Systems Inc. v. Cardinal Camera & Video Center, Inc., this Court concluded that Adobe failed to establish that Cardinal expressly aimed its conduct at California in a trademark and copyright infringement suit. No. 15-cv-02991-JST, 2015 WL 5834135, at *5 (N.D. Cal. Oct. 7, 2015). Cardinal had allegedly used its own website and its Amazon.com merchant account to sell unauthorized versions of Adobe's software. Id. at *1. In concluding that there was no personal jurisdiction over Cardinal, a Pennsylvania corporation, the Court rejected Adobe's argument that the "expressly aimed" prong was met because Cardinal was "aware of Adobe's domicile in the Northern District of California and . . . , through its infringing conduct, targeted Adobe therein." Id. at *4 (internal quotation marks omitted). In so holding, the Court noted its agreement with the reasoning in Erickson v. Nebraska Machinery Co., that "Walden rejected the idea . . . that a defendant's knowledge of a plaintiff's forum connections and the foreseeability of harm there are enough in themselves to satisfy the minimum contacts analysis." Id. (internal quotation marks omitted) (quoting No. 15-cv-01147-JD, 2015 WL 4089849, at *3 (N.D. Cal. July 6, 2015)). Adobe also asserted a second argument for why the express aiming prong was satisfied—that "Cardinal advertises for sale and sells infringing software on its website and through its Amazon.com account." Id. at *5. The Court dismissed this argument because Adobe failed to "sufficiently allege[] that Cardinal's website directly targets California," as Adobe did not

1  allege the direct sale of infringing products to California residents through the website or any
2  website content tailored for California residents. Id.
3        Here, MTC argues that "[e]xpress aiming exists" because Lewis "knew Plaintiffs' business
4  was located in Northern California, targeted Plaintiffs' business, and directly competed with
5  Plaintiff because Defendant was aware its infringing website likely would be seen by Northern
6  California residents." ECF No. 50 at 11-12.[2] This Court previously rejected a similar argument in
7  Adobe. See 2015 WL 5834135, at *4 (concluding that the defendant did not expressly aim its
8  conduct at California by merely being "aware of Adobe's domicile in the Northern District of
9  California and . . . , through its infringing conduct [of selling unauthorized versions of Adobe's
10 software], target[ing] Adobe therein"). As in Adobe, here Plaintiff's allegations of "knowledge of
11 a plaintiff's forum connections" and "foreseeability of harm" in the forum are insufficient to
12 satisfy the second prong of the effects test. See id.
13       MTC also alleges that "Defendants have used Amazon.com and other websites to sell their
14 own products using the MTC trademarks." ECF No. 2 ¶ 24. The Court finds that Plaintiff merely
15 alleges the "maintenance of a passive website" without "conduct directly targeting the forum,"
16 which is insufficient to confer personal jurisdiction. See Brayton, 606 F.3d at 1129. As in Adobe,

---

[2] Attached to its opposition to the motion to dismiss, MTC submits a declaration in support and two exhibits of Defendants' Amazon.com listings. ECF No. 50-1. In his reply brief, Defendant requests that the Court strike the declaration on the ground that the Court may consider only the allegations of the complaint when ruling on a motion to dismiss. ECF No. 51 at 13-14. In determining whether there is personal jurisdiction over a defendant, "the court may consider evidence presented in affidavits." Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977)). Indeed, a plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977) (citing Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967)). Defendant argues that because "[n]othing in Mr. Misson's declaration offers any facts, much less facts that alter the jurisdictional analysis," the declaration "is improper and should be stricken or, in the alternative, disregarded." The Court will deny the motion to strike, but finds nothing in the declaration to support Plaintiff's position regarding jurisdiction. The sole paragraph on that subject states on information and belief that "Defendants have also used other websites to sell products to California residents by through [sic] multiple ebay accounts, and a shopify website." ECF No. 50-1 at 3. This statement lacks evidentiary foundation and, even if it were true, is insufficient to confer jurisdiction on the Court for the reasons stated above.

where there was no indication that sales of infringing products were made to California residents or that website content was tailored for California residents, here MTC also does not allege that infringing products were sold to California residents through Amazon.com or other websites, or that the websites had tailored content. See 2015 WL 5834135, at *5. Therefore, MTC has not sufficiently alleged that Lewis "directly targets California" to establish express aiming. See id.

Finally, MTC alleges that there is personal jurisdiction because "Defendants are conducting business in this District and . . . using numerous internet service providers and online sales channels some of whom are based in California with full knowledge that the damage caused by their acts are directed towards residents of this venue." ECF No. 2 ¶ 10. The Court finds this allegation insufficient for two reasons. First, the Court is not convinced that the use of internet service providers and online sales channels based in California is sufficient to demonstrate express aiming. See Adobe Sys. Inc. v. Trinity Software Distribution, Inc., No. C 12-1614 SI, 2012 WL 3763643, at *6 (N.D. Cal. Aug. 29, 2012) (making the same conclusion and noting that if the use of an internet service based in Northern California were sufficient to subject a defendant to jurisdiction for a dispute unrelated to the internet service company, then "the limits on specific jurisdiction would be meaningless and California courts would be overwhelmed"). Second, the Court finds that MTC makes only a conclusory allegation and lacks description as to Defendants' use of these internet providers and online sales channels. "Mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." See id. at *7 (internal quotation marks omitted) (quoting Fiore v. Walden, 657 F.3d 838, 846-47 (9th Cir. 2011)). As such, MTC insufficiently alleges that personal jurisdiction is met.

Because MTC has failed to establish that Lewis expressly aimed his conduct at California, the Court finds that it lacks personal jurisdiction over Defendant David Lewis.[3]

---

[3] Because the Court has determined that MTC fails the express aiming prong, the Court need not examine the remaining elements to determine whether specific personal jurisdiction is lacking for alternative reasons. See Schwarzenegger, 374 F.3d at 807 n.1.

### B. Jurisdictional Discovery

MTC requests leave to conduct jurisdictional discovery. ECF No. 50 at 13-14. The decision whether to grant jurisdictional discovery is within the discretion of the district court. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977). "[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." Am. W. Airlines, Inc. v. GPA Grp., Ltd., 877 F.2d 793, 801 (9th Cir. 1989). However, "[d]istrict courts in the Ninth Circuit require a plaintiff to establish a 'colorable basis' for personal jurisdiction before granting jurisdictional discovery." Google Inc., v. Egger, No. C-08-03172 RMW, 2009 WL 1228485, at *1 (N.D. Cal. Apr. 30, 2009) (citing Chapman v. Krutonog, 256 F.R.D. 645, 649 (D. Haw. 2009)). A "'colorable basis' could be understood to require the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." Id. (quoting Chapman, 256 F.R.D. at 649). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995)); see also Getz v. Boeing Co., 654 F.3d 852, 860 (9th Cir. 2011) (finding the denial of discovery appropriate when the plaintiffs "fail[ed] to identify any specific facts, transactions, or conduct that would give rise to personal jurisdiction" and offered only "purely speculative allegations of attenuated jurisdictional contacts").

Here, the Court finds that MTC has not established a colorable basis for personal jurisdiction. MTC's allegation of Defendant's use of MTC trademarks on Amazon.com and other websites to sell products, without asserting any conduct indicating direct targeting of California, does not constitute "'some evidence' tending to establish personal jurisdiction." See Google, 2009 WL 1228485, at *1. Because MTC's claim of personal jurisdiction involves only "attenuated jurisdictional contacts" and "speculative allegations," denial of jurisdictional discovery is appropriate. See Getz, 654 F.3d at 860.

### C. Transfer

"Once a Court determines that it lacks personal jurisdiction, it may dismiss the case or, in

the interest of justice, transfer the case under 28 U.S.C. § 1406(a)." Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc., 2015 WL 5834135, at *6 (internal quotation marks omitted) (quoting Wickline v. United Micronesia Dev. Ass'n, Inc., No. C 14-00192 SI, 2014 WL 2938713, at *9 (N.D. Cal. June 30, 2014)); see 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Lewis argues that transfer is appropriate here, where "all of Defendants' witnesses are in Texas," "Plaintiff could have . . . brought the case there," and "the majority of the acts alleged in the Complaint would have been done, if at all, in Texas." ECF No. 42 at 17-18. The Court finds Defendant's argument persuasive and concludes it is in the interest of justice to transfer the action to the Southern District of Texas.[4] See Aluminal Indus., Inc. v. Newtown Commercial Assocs., 89 F.R.D. 326, 330 (S.D.N.Y. 1980) (noting that two factors courts commonly consider in deciding whether to transfer a case under 28 U.S.C. § 1406(a) are "the convenience of parties and witnesses" and "where the relevant events took place").

The Court further concludes that it is appropriate to transfer the entire case, and not only the claims against David Lewis. Like the court in Bar T Timber, Inc. v. Pacific Fibre Products, No. CV-13-30-BLG-CSO, 2013 WL 5209962 (D. Mont. Sept. 13, 2013), this Court finds that partial transfer would result in "the same issues [being] litigated in two different places," as the conduct of the defendant subject to transfer is "integrally related" to the plaintiff's claims against both defendants. Id. at *7. Thus, the Court will transfer the entire case to avoid "an unnecessary waste of judicial resources," because otherwise partial transfer may result in litigation of the same issues in two places, as "David and Sandra jointly run [the company,] Professor Foam." See id.; ECF No. 42 at 17 n.3.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendant

---

[4] Defendant does not specify the district to which he is requesting transfer. Because Defendant resides and works in Harris County, the Court finds that the Southern District of Texas is appropriate. See ECF No. 2 ¶ 2; ECF No. 42 at 17.

1  David Lewis and that transfer pursuant to 28 U.S.C. § 1406(a) is warranted.  The Court grants

2  Defendant's motion to transfer, and the clerk is directed to transfer the entire case to the United

3  States District Court for the Southern District of Texas.

4      IT IS SO ORDERED.

5  Dated: November 14, 2016

                                              JON S. TIGAR
                                     United States District Judge